UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| David Anthony Babb; DAB, LLC, | C/A No. 2:25-cv-13417-RMG-MHC |
| Plaintiffs, | |
| | **REPORT AND RECOMMENDATION** |
| v. | |
| Edwina Mathis Wait, *in her official Capacity as a South Carolina Department of Natural Resources Officer*, | |
| Defendant. | |

This is a civil action filed by Plaintiffs David Anthony Babb (Babb) and DAB, LLC. Under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge. On November 19, 2025, Plaintiffs filed their Amended Complaint. ECF No. 8.

### PLAINTIFF BABB'S MOTIONS FOR A PRELMINARY INJUNCTION

On November 19, 2025, Plaintiff Babb filed a motion for a preliminary injunction pursuant to Fed. R. Civ. P. 65(a) to "enjoin the Defendant, Edwina Mathis Wait, from enforcing Article 2 of Title 50-21 of the South Carolina Code of Laws, particularly as it pertains to the designation of a boat or vessel as being derelict, as it is not defined in the statue or ill[-]defined and based solely on the subjective beliefs of the Defendant." ECF No. 9 at 1. On December 8, 2025, Babb filed an Amended Motion for a Preliminary Injunction. ECF No. 10. He asserts that Defendant telephoned him on December 10, 2025, and apprised him that "she has moved to obtain an arrest warrant for [Babb's] arrest and that she will execute such on Tuesday, December 11, 2025."[1] *Id.* at 2.

---

[1] Babb appears to have provided incorrect dates. He refers to Monday, December 10, 2025 (ECF No. 10 at 1), but Monday was December 8, 2025, and Tuesday is December 9, 2025. Moreover,

It is recommended that Plaintiff Babb's Motion for a Preliminary Injunction and Amended Motion for a Preliminary Injunction be denied because the motions are premature as this action has not yet been served. "The court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). Because the motions are premature, any motion for a hearing should also be denied.

Even if Babb is attempting to request motions for a temporary restraining order (TRO),[2] such a request should be denied. Pursuant to Rule 65(b)(1) of the Federal Rules of Civil Procedure, the court may issue a TRO without notice to the adverse party or the party's attorney only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). A TRO "expires at the time after entry—not to exceed 14 days—that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension." Fed. R. Civ. P. 65(b)(2). "The stringent restrictions imposed ... by Rule 65 on the availability of ex parte temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S.

---

the dates are after the time the Motion was filed on December 8, 2025 (the date stamp indicates the Amended Motion for a Preliminary Injunction was filed at 3:36 p.m.). *See* ECF No. 10 at 1.

[2] It appears that Babb is only requesting a preliminary injunction. He asserts in both the original and amended Motions that he moves for a "Preliminary Injunction, pursuant to Fed. R. Civ. P. 65(a), which governs the procedure for obtaining a Preliminary Injunction and a Temporary Restraining Order (TRO)[.]" ECF Nos. 9 at 1 and 10 at 1. However, Babb titled both motions as motions for a preliminary injunction and refers only to a preliminary injunction throughout his motions. Moreover, Rule 65(a) only pertains to preliminary injunctions. *See* Fed. R. Civ. P. 65(a) (captioned "Preliminary Injunction").

423, 438–39 (1974).

Any request for a TRO should be denied because Plaintiff Babb appears to be requesting relief exceeding fourteen days. *See* Fed. R. Civ. P. 65(b)(2). It also does not appear that Plaintiff Babb, who has not asserted that he is an attorney, can satisfy the "attorney certification" requirement for a TRO as required under Rule 65(b)(1)(B). *See Demorcy v. Cook*, No. CA 8:13-1494-JFA-JDA, 2013 WL 5332146 (D.S.C. Sept. 23, 2013) (noting that the plaintiff could not satisfy the "attorney certification" requirement for a TRO under Rule 65(b)(1)(B) because he was not an attorney admitted to practice before the court).

Additionally, to the extent that Babb is attempting to have this Court prevent his arrest by state or city officials, his request appears to be moot, as records from Charleston County indicate he was arrested on two charges (case numbers 2025A10109000038 and 2025A1010900039) of "4148- Watercraft/Causing or Allowing a Vessel to Become Abandoned or Derelict" on December 9, 2025. It further appears that he was released on personal recognizance bonds. *See* Charleston County Public Index, https://jcmsweb.charlestoncounty.gov/PublicIndex/PISearch.aspx [search case numbers listed above] (last visited Dec. 9, 2025).[3]

Additionally, it appears that any challenge to Babb's pending criminal charges is not properly before this Court based on the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37 (1971). In *Younger*, the United States Supreme Court held that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary

---

[3] This Court may take judicial notice of factual information located in postings on government websites. *See Tisdale v. South Carolina Highway Patrol*, No. 0:09–1009–HFF–PJG, 2009 WL 1491409, at *1 n. 1 (D.S.C. May 27, 2009), *aff'd*, 347 F. App'x 965 (4th Cir. 2009); *In re Katrina Canal Breaches Consol. Litig.*, No. 05–4182, 2008 WL 4185869, at * 2 (E.D. La. Sept. 8, 2008) (noting that courts may take judicial notice of governmental websites including other courts' records).

of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). Specifically, the *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger*, 401 U.S. at 43–44. From *Younger* and its progeny, the Court of Appeals for the Fourth Circuit has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Md. Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (*citing Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

As noted above, records from Charleston County indicate that Babb has pending criminal charges such that the first prong is met. *See Boyd v. South Carolina*, No. 1:11-cv-02981-TMC-SVH, 2012 WL 786341, at *2 (D.S.C. Feb. 10, 2012), *report and recommendation adopted*, 2012 WL 786356 (D.S.C. Mar. 9, 2012) (noting the first prong of the abstention test is satisfied where the petitioner "is currently awaiting trial in an ongoing state criminal proceeding"). The second criterion has been addressed by the Supreme Court's holding that "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief[,]" *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). Finally, the third criterion is satisfied because Babb can address his claims in his pending criminal proceedings. *Gilliam*, 75 F.3d at 904 (noting that "ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights") (referencing *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)). Because Babb's case meets all three criteria for abstention under *Younger*, federal relief

4

is available under § 1983 only if "special circumstances" justify the provision of federal review. *Dickerson v. Louisiana*, 816 F.2d 220, 224–26 (5th Cir. 1987).

While "special circumstances" lacks any precise, technical meaning, courts have essentially looked to whether procedures exist which would protect a plaintiff's constitutional rights without pre-trial intervention; thus, where a threat to the plaintiff's rights may be remedied by an assertion of an appropriate defense in state court, no special circumstance is shown. *Moore v. DeYoung*, 515 F.2d 437, 449 (3d Cir. 1975); *cf. Drayton v. Hayes*, 589 F.2d 117, 121 (2d Cir. 1979) (double jeopardy claim entitled to pretrial habeas intervention because the "very constitutional right claimed ... would be violated" if petitioner were forced to go to trial). Further, where the right may be adequately preserved by orderly post-trial relief, special circumstances are likewise nonexistent. *Moore*, 515 F.2d at 449. In *Moore*, the court concluded that the federal court should abstain from considering a speedy trial claim at the pretrial stage because the claim could be raised at trial and on direct appeal. *Id.*; *see generally United States v. MacDonald*, 435 U.S. 850 (1978); *Dickerson*, 816 F.2d at 226–227.

Finally, to the extent that Babb is asking for mandamus relief to prevent Defendant from arresting him, he appears to be requesting mandamus relief that this court cannot grant. "[D]istrict courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. While a federal district court can compel an officer or employee of the United States or its agencies to perform a duty, it has no mandamus jurisdiction over state or local employees and cannot order Defendant to not arrest him. *See, e.g., Gurley v. Super. Ct. of Mecklenburg Cty.*, 411 F.2d 586, 587 (4th Cir. 1969).

## PLAINTIFF DAB, LLC

As noted above, DAB, LLC is listed as a Plaintiff to this action. Plaintiff Babb may be attempting to bring claims on behalf of DAB, LLC. However, Plaintiff Babb has presented no facts to indicate that he may appear for or represent DAB, LLC.

While 28 U.S.C. § 1654 allows individuals to "plead and conduct their own cases personally," the statute does not extend that right to represent other parties. *See Pridgen v. Andresen*, 113 F. 3d 391, 392-93 (2d Cir. 1997) (pro se litigant may not represent corporation, estate, partnership, or "his or her minor child"). Corporations may only appear in this federal court and litigate through a licensed attorney who is formally admitted to practice and in good standing with this Court. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) (recognizing that the rationale for the rule that a corporation may appear in the federal courts only through licensed counsel applies equally to all artificial entities and that "save in a few aberrant cases, the lower courts have uniformly held that 28 U.S.C. § 1654 ... does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney"); *Days Inn Worldwide, Inc. v. JBS, Inc.*, No. 4:08-cv-1771-TLW-TER, 2010 WL 625391 (D.S.C. Feb. 19, 2010); *see also In re Under Seal*, 749 F.3d 276, 290 n.17 (4th Cir. 2014) (noting that, "[a]s a limited liability company" with only a single member, "Lavabit likely should not have been permitted to proceed pro se at all."); *United States v. Hagerman*, 545 F.3d 579, 581–82 (7th Cir. 2008) (Holding that LLCs may not proceed pro se and noting that "the right to conduct business in a form that confers privileges, such as the limited personal liability of the owners for tort or contract claims against the business, carries with it obligations one of which is to hire a lawyer if you want to sue or defend on behalf of the entity."); *United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2nd Cir. 2008) (explaining that lay persons cannot represent

6

corporations, partnerships, or limited liability companies and noting that a layman may not represent a corporation even if he is the sole shareholder); *U.S. Commodity Futures Trading Comm'n v. OTC Invs. LLC*, No. 1:15-cv-00081, 2015 WL 3397066, at *1 (W.D.N.C. May 26, 2015) ("It is well-established that corporate entities and other non-human entities, such as limited liability companies, can appear in federal court only through counsel."). Plaintiff Babb may not represent DAB, LLC. Therefore, it is recommended that Plaintiff DAB, LLC be dismissed, without prejudice, as a party to this action.

## RECOMMENDATION

Based on the foregoing, it is recommended that Plaintiff Babb's Motion for a Preliminary Injunction (ECF No. 9) and his Amended Motion for a Preliminary Injunction (ECF No. 10) be DENIED without prejudice. It is also recommended that Plaintiff DAB, LLC be dismissed without prejudice as a party to this action.

**The parties' attention is directed to the important notice on the following page.**

Molly H. Cherry
United States Magistrate Judge

December 9, 2025
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. \0 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).