# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| David Anthony Babb; DAB, LLC, <br><br> Plaintiffs, <br> v. <br><br> Edwina Mathis Wait, in her official capacity as a South Carolina Department of Natural Resources Officer, <br><br> Defendant. | Case No. 2:25-13417-RMG <br><br> **ORDER** |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 13), recommending that the Court deny Plaintiffs' two motions for preliminary injunction. (Dkt. Nos. 9, 10). Plaintiff was advised that a failure to timely submit written objections to the R & R would result in limited clear error review and a waiver of the right to appeal the district court's order. (*Id*. at 8). Plaintiff filed no objections to the R & R.

**I.   Background**

Plaintiff, acting pro se, filed a motion for preliminary injunction on November 19, 2025, to enjoin the enforcement of state statutes relating to the designation of boats as abandoned or derelict. (Dkt. No. 9). Plaintiff filed a second motion for a preliminary injunction on December 8, 2025, seeking to enjoin an allegedly planned state court arrest of Plaintiff relating to his boat. (Dkt. No. 10).

The Magistrate Judge recommended the motions for preliminary injunctions be denied because (1) any injunction would be moot since Plaintiff was arrested on December 9, 2025 under state criminal statutes related to abandoned or derelict boats; and (2) any injunction against a state

criminal proceeding would be inappropriate under these circumstances pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). (Dkt. No. 13 at 3-5). The Magistrate Judge further recommended that Plaintiff DAB, LLC be dismissed without prejudice because Plaintiff is acting pro se and a corporate defendant must be represented by counsel. (*Id.* at 6-7).

## II. Legal Standards

### A. Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

### B. Pro Se Pleadings

This Court liberally construes complaints filed by pro se litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

## III. Discussion

After a de novo review of the record, the Court finds that the Magistrate Judge ably summarized the factual and legal issues in this matter and correctly concluded that Plaintiffs' two

2

motions for a preliminary injunction should be denied and that Plaintiff DAB, LLC should be dismissed.

## Conclusion

For the reasons set forth above, the Court **ADOPTS** the R&R (Dkt. No. 13) as the Order of the Court, **DENIES** Plaintiffs' two motions for preliminary injunction without prejudice (Dkt. Nos. 9, 10); and **DISMISSES** DAB, LLC as a party plaintiff without prejudice.

**AND IT IS SO ORDERED.**

    s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

December 30, 2025
Charleston, South Carolina