**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| David Anthony Babb, | Case No. 2:25-13417-RMG |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| Edwina Mathis Wait, *in her official Capacity as a South Carolina Department of Natural Resources Officer*, | |
| Defendant. | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge recommending that this Court dismiss Plaintiff's Amended Complaint. (Dkt. No. 36). Plaintiff filed objections (Dkt. No. 43), Defendant responded (Dkt. No. 44), and Plaintiff replied (Dkt. No. 44). For the reasons set forth below, the Court hereby adopts the Report and Recommendation, grants Defendant's Motion to Dismiss (Dkt. No. 11), and dismisses the Amended Complaint.

### I.    Background

This case arises out of Defendant, a South Carolina Department of Natural Resources ("SCDNR") officer, declaring two of Plaintiff's boats derelict pursuant to S.C. Code § 50-21-210 *et seq*. In his Amended Complaint, Plaintiff alleges that Defendant Officer Wait, in her official capacity as a SCDNR officer, violated his constitutional rights by declaring two of his vessels anchored in the Ashley River in Charleston derelict. (Dkt. No. 8 at 1–3). To that extent, he claims S.C. Code § 50-21-210 *et seq*., under which Defendant gave him notice, is unconstitutional because the statute is vague in its definition of derelict vessels. (*Id.*).

Plaintiff further claims that Defendant retaliated against him because he refuses to move his vessels, and because he wrote to state and federal authorities requesting an investigation into the

1

actions of her colleagues and her alleged violations of his constitutional rights. (*Id.* at 5–15). To that extent, he claims that Defendant had unlawful motives for declaring his vessels derelict. (*Id.*). He also claims she may have worked with others to get rid of Plaintiff's vessels because the area was going to be converted into a law enforcement center or that she may also be working for a company that applied for a permit to build a private boardwalk in the area. (*Id.*).

In his Amended Complaint, Plaintiff asserts six claims: (1) Wait's acts—tagging Plaintiff's vessels with red plastic flags to identify them as derelict and finding that the vessels meet the junked standard outlined in S.C. Code § 50-21-210—"violate [Plaintiff's] constitutional rights pursuant to the vagueness doctrine as established in the Fifth and Fourteenth Amendments"; (2) "Wait has retaliated against DAB in a negative, willful manner to purposefully disengage himself from his personal property by falsifying the vessels as derelict" in violation of his First, Fifth, and Fourteenth Amendment rights; (3) "Wait is misusing S.C. Code § 50-21-210 through 240 over federal waters as a tool for her conspiring role in acquiring corporate expansion and theft of public usage of public land/water area, U.S. navigable, and in direct violation of" Plaintiff's Fifth and Fourteenth Amendment rights; (4) "Wait purposefully engaged a criminal sanction against [Plaintiff,] as S.C. Code § 50-[21]-240 causes fines and other civil penalties including incarceration," at the same time "the boats are the subject of review by the federal court," which "in essence, constitutes an act of spoliation of evidence," in violation of Plaintiff's "First, Fifth, and Fourteenth Amendment due process rights"; (5) Wait violated Plaintiff's rights pursuant to the Equal Protection Clause; and (6) the state statute "is unconstitutional because it violates the Takings Clause of the Fifth Amendment and Due Process Clause of the Fourteenth Amendment and the separation of powers provisions of the State and Federal Constitution." (*Id.* at 20–23).

2

Plaintiff seeks "to enjoin the[se] unlawful acts and practices" and an order "stay[ing] both the lower court proceedings and SCDNR from proceeding with its newly enacted provisions that allows for public citizens to take control of other vessels, and disallow any public citizen from removing [his] vessels by way of injunctive order." (*Id.* at 23). He also seeks money damages "since Wait willfully decided to misuse SC Statutes in the continuation of unlawful behavior to prevent use of federal public areas." *Id.*

Shortly after bringing this lawsuit, Plaintiff was arrested on two charges of "4148-Watercraft/Causing or Allowing a Vessel to Become Abandoned or Derelict." *See Charleston County Public Index*, https://jcmsweb.charlestoncounty.gov/PublicIndex/PISearch.aspx (search case numbers 2025A1010900038 and 2025A1010900039) (last visited August 7, 2026).[1] Plaintiff was released on personal recognizance bonds, and the criminal charges are still pending. *Id.*

On December 9, 2025, Defendant moved to dismiss the case for failure to state a claim. (Dkt. No. 11). The Magistrate Judge issued a *Roseboro* order advising Plaintiff of the motion to dismiss and dismissal procedures, and Plaintiff filed a response. (Dkts. No. 20).

After reviewing Defendant's Motion, Plaintiff's response, and the applicable law, the Magistrate Judge recommended granting Defendant's Motion. (Dkt. No. 36).

---

[1] This Court may take judicial notice of factual information located in postings on government websites. *See Tisdale v. South Carolina Highway Patrol*, No. 0:09–1009–HFF–PJG, 2009 WL 1491409, at *1 n.1 (D.S.C. May 27, 2009), *aff'd*, 347 F. App'x 965 (4th Cir. 2009); *In re Katrina Canal Breaches Consol. Litig.*, No. 05–4182, 2008 WL 4185869, at *2 (E.D. La. Sept. 8, 2008) (noting that courts may take judicial notice of governmental websites including other courts' records). The Court notes that Plaintiff also has a pending state civil case and pending Fourth Circuit appeal. These cases also seem related to issues Plaintiff has had with his vessels, local ordinances, and authorities. *See Charleston County Public Index*, https://jcmsweb.charlestoncounty.gov/PublicIndex/PISearch.aspx (search case number 2023CP1005590); *David Anthony Babb v. David Isom*, No. 24-1456 (4th Cir. May 16, 2024).

Upon consideration of Plaintiff's objections to the R&R, Defendant's response and Plaintiff's reply, the Court adopts the R&R in its entirety.

## II.     Legal Standard

### a.  *Pro Se* Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### b. Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court must make a *de novo* determination of those portions of the R&R to which Petitioner specifically objects. Fed. R. Civ. P. 72(b)(2). Where Petitioner fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). "Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the recommendation." *Wilson v. S.C. Dept of Corr.*, No. 9:14-CV-4365-

RMG, 2015 WL 1124701, at *1 (D.S.C. Mar. 12, 2015); *see also Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

### III.    Discussion

Plaintiff objects to the R&R arguing, that the Magistrate Judge erred in determining that abstention is warranted in this case. (Dkt. No. 43). Specifically, he claims that the Magistrate Judge incorrectly determined that the three exceptions to *Younger* abstention do not apply. (*Id.*). Plaintiff also argues that Magistrate Judge incorrectly applied *Ex Parte Young* to his case. (*Id.* at 19–21).

The Court has reviewed the R&R, the full record in this matter and the relevant legal authorities. The Court finds that the Magistrate Judge ably summarized the factual and legal issues and appropriately recommended that the action should be dismissed.

### a.  Motion to Dismiss

#### 1.  *Younger* Abstention

As an initial matter, the Magistrate Judge correctly determined that Plaintiff's claims are barred by the *Younger* abstention doctrine. In *Younger v. Harris*, the United States Supreme Court articulated a strong policy against federal court interference with any pending state judicial proceeding unless extraordinary circumstances so warrant. 401 U.S. 37, 43, 45 (1971); *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). *Younger* and its progeny have set forth a three-prong test to determine that abstention is appropriate when: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin v. Marietta Corp. v. Md. Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982).

5

The Magistrate Judge correctly determined that all three elements of the *Younger* abstention test are met in this case. The first prong is satisfied because the Plaintiff is currently involved in ongoing state criminal proceedings. *See Boyd v. South Carolina*, No. 1:11-cv-02981-TMC-SVH, 2012 WL 786341, at *2 (D.S.C. Feb. 10, 2012) (noting the first prong of the abstention test is satisfied where the plaintiff "is currently awaiting trial in an ongoing state criminal proceeding"), *report and recommendation adopted*, 2012 WL 786356 (D.S.C. Mar. 9, 2012). The second prong is met because the proceedings implicate important state interests. A state's interest in "administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986) (citing *Younger*, 401 U.S. at 44–45). The third prong is met because Plaintiff has an adequate opportunity to raise federal claims in the state proceedings because he can address his claims in his pending criminal proceedings. *Gilliam*, 75 F.3d at 903 (noting that "ordinarily, a pending state prosecution provided the accused a fair and sufficient opportunity for vindication of federal constitutional rights."). Thus, the Court finds the Magistrate Judge correctly determined that the *Younger* abstention bars Plaintiff's claims.

### 2. *Younger* Abstention Exceptions

The Magistrate Judge correctly determined that none of the exceptions to *Younger* apply to warrant federal review.[2] Since Plaintiff's case meets all three criteria for abstention pursuant to the *Younger* doctrine, federal relief is only available if extraordinary circumstances justify federal

---

[2] The Court notes that Plaintiff did not originally argue in his Response to Defendant's Motion to Dismiss that all three exceptions to *Younger* applied, only that the bad faith or harassment exception applied. (Dkt. No. 36 at 16). Nevertheless, the Magistrate Judge did briefly conclude that second and third exceptions did not apply to the case. (*Id.* ("In his Response . . ., Plaintiff does not argue that either the second or third exceptions apply in his case, and the undersigned finds that they do not. Rather, Plaintiff invokes the 'bad faith or harassment' exception . . . ." (citation omitted))).

review. "*Younger* identifies three exceptions to the court's duty to abstain: (1) 'bad faith or harassment' by state officials responsible for the prosecution; (2) a statute that is 'flagrantly and patently violative of express constitutional prohibitions'; and (3) other 'extraordinary circumstances' or 'unusual situations.'" *Air Evac EMS, Inc. v. McVey*, 37 F.4th 89, 96 (4th Cir. 2022) (citing *Younger*, 401 U.S. at 49–54). Applying this test, the Fourth Circuit has emphasized that a federal court should not interfere with ongoing state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam,* 75 F.3d at 903 (citing *Younger,* 401 U.S. at 43–44, 54). Here a review of the record and relevant legal authorities shows that none of the exceptions apply to this case.

*First*, the Magistrate Judge correctly concluded that the bad faith or harassment exception does not apply. Plaintiff objects to R&R arguing, that the Magistrate Judge erred by not finding that the bad faith and harassment exception applied because she did not "evaluate the precise temporal proximity (two weeks) between the Plaintiff's protected speech and the vessel tagging, as well as the systemic, multi-agency pattern of harassment." (Dkt. No. 43 at 11). To support his argument, he claims there were jurisdictional defects with his warrants, that Defendant engaged in vigilante and retaliatory tactics, and that Defendant had the improper motive for declaring Plaintiff's vessels derelict. (Dkt. No. 43 at 20–23).

Here, the Magistrate Judge correctly determined Plaintiff's allegations are conclusory and speculative. Federal courts should limit intervention to "cases of *proven* harassment or prosecutions undertaken by state officials without hope of obtaining a valid conviction." *Perez v. Ledesma* 401 U.S. 82, 85 (1971) (emphasis added); *see also Juidice v. Vail,* 430 U.S. 327, 338 (1977) (without proof of bad faith or harassment, federal courts must abstain from intervention); *Suggs v. Brannon,* 804 F.2d 274, 278 (4th Cir. 1986) (same). Mere allegations

7

of bad faith do not suffice; a plaintiff "must prove bad faith or harassment before intervention is warranted." *Phelps v. Hamilton*, 59 F.3d 1058, 1064–65 (10th Cir. 1995) (citing *Perez,* 401 U.S. at 85). A review of the pleadings in this case show that the Amended Complaint fails "to set forth sufficient allegations to warrant the application" of the bad faith or harassment exception. *See Fowler v. South Carolina*, No. 6:25 CV-12837-TMC, 2025 WL 3712275, at *4 (D.S.C. Dec. 23, 2025). As such, Plaintiff has not sufficiently alleged that his prosecution was undertaken for the purpose of harassing Plaintiff, or that it has been undertaken without hope of obtaining a valid conviction. The Court therefore finds that the bad faith or harassment exception does not apply and overrules Plaintiff's objection.

*Second*, the Magistrate Judge correctly concluded that the second exception does not apply because S.C. Code § 50-21-210 *et seq.*, is not facially unconstitutional. Plaintiff objects to R&R arguing that the statute is facially unconstitutional because it "represents a deliberate legislative attempt to bypass traditional constitutional protections and establish a 'procedural black hole' for vessel owners." (Dkt. No. 43 at 11–15). He claims the statute violates the Due Process Clause of the Fourteenth Amendment, the Takings Clause of the Fifth Amendment, the separation of powers doctrine, and is vague. (*Id.*).

Plaintiff's conclusory allegations are not sufficient to demonstrate that S.C. Code § 50-21-210 *et seq.*, meets the extraordinarily high bar for invocation of the "flagrantly and patently" unconstitutional exception to *Younger*. This exception only applies "where the challenged statute is 'flagrantly and patently violative of express constitutional prohibitions in every clause sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it.'" *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 602 (1975) (quoting *Younger*, 401 U.S. at 53–54) (emphasis added). Here the statute authorizes the removal of abandoned and derelict vessels from

8

public waterways and is directed at abating genuinely abandoned or wrecked vessels. S.C. Code § 50-21-210 *et seq*. The Court therefore finds that the flagrantly and patently unconstitutional statute exception does not apply and overrules Plaintiff's objection.

*Third*, there are not "extraordinary circumstances' or 'unusual situations" that warrant intervention. Plaintiff objects to the R&R claiming the Magistrate Judge "[e]rred by failing to evaluate the summary court's lack of equity jurisdiction and the imminent threat of spoliation of evidence in a pending federal appeal." (Dkt. No. 43 at 15–19). Here, the Court finds that Plaintiff can raise his claims in his state court proceedings. *See Simopoulos v. Va. State Bd. of Med.*, 644 F.2d 321, 327–28 (4th Cir. 1981) (noting "all the exceptions based on 'exceptional considerations,' have involved situations in which the federal plaintiff's claim for federal relief was not such as could be resolved in a pending state proceeding."). Plaintiff has not alleged "extraordinary circumstances" that would prevent his constitutional concerns being addressed through his criminal state court proceedings or his federal appeal. Additionally, to the extent, Plaintiff claims that abstention will allow the destruction of his vessels, mooting his appeal and spoiling evidence. The Court disagrees. Thus, the "extraordinary circumstances" needed to satisfy the "exceedingly narrow" third exception to *Younger* are not present here. *Air Evac EMS, Inc.*, 37 F.4th at 100. As such, the Court overrules Plaintiff's objection.

### 3. *Ex Parte Young*

The Magistrate Judge correctly applied *Ex Parte Young*, 209 U.S. 123 (1908). Plaintiff objects to the R&R because he claims that the Magistrate Judge erred in recommending dismissal of Plaintiff's claims for prospective injunctive relief on Eleventh Amendment sovereign immunity grounds. (Dkt. No. 43 at 19–21). To that extent, he argues that the Magistrate Judge incorrectly applied *Ex Parte Young*. (*Id.*). In *Ex parte Young*, the United States Supreme Court carved out a

9

narrow exception to Eleventh Amendment immunity, which "allows private citizens, in proper cases, to petition a federal court to enjoin State officials in their official capacities from engaging in future conduct that would violate the Constitution or a federal statute." *Antrican v. Odom*, 290 F.3d 178, 184 (4th Cir. 2002) (citations omitted). However, "this exception does not apply when the alleged violation of federal law occurred entirely in the past, but applies when (1) the violation for which relief is sought is an ongoing one, and (2) the relief sought is only prospective." *Wicomico Nursing Home v. Padilla*, 910 F.3d 739, 747 (4th Cir. 2018) (internal citations and quotations marks omitted). Here Plaintiff is seeking prospective relief from ongoing state court proceedings enforcing S.C. Code § 50-21-210 *et seq.*, which he claims is unconstitutional, and accordingly abstentions on *Younger* grounds is warranted. Thus, the Court agrees with the Magistrate Judge's recommendation and overrules Plaintiff's objection.

### b. Motion for a Preliminary Injunction

The Court finds that the Magistrate Judge correctly recommended denying Plaintiff's Motion for a Preliminary Injunction. First, the injunction motion is moot because abstention requires dismissal. Second, Plaintiff has not shown a likelihood of success on the merits because abstention bars the Court from reaching the merits at all. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Third, Plaintiff seeks an injunction against non-parties, SCDNR and "the Charleston Magistrate," and injunction may not be issued against such non-parties. Accordingly, the Court the finds that the motion for preliminary injunction must be denied.

### IV.     Conclusion

In light of the foregoing, the Court hereby **ADOPTS** the R&R (Dkt. No. 36), as the order of this Court, **GRANTS** Respondent's Motion to Dismiss (Dkt. No. 11), **DISMISSES** the Amended

10

Complaint (Dkt. No. 8), and **DENIES** as moot Plaintiff's Motion for Preliminary Injunction (Dkt. No. 33).

      **AND IT IS SO ORDERED.**

s/ Richard M. Gergel
Richard Mark Gergel
United States District Judge

August 10, 2026
Charleston, South Carolina