**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| David Anthony Babb,<br><br>Plaintiff,<br>v.<br><br>Edwina Mathis Wait,<br>*in her official Capacity as a South Carolina Department of Natural Resources Officer*,<br><br>Defendant. | Case No. 2:25-13417-RMG<br><br><br>ORDER AND OPINION |

This matter is before the Court on Plaintiff's motion to alter or amend the judgment (Dkt. No. 49). For the reasons set forth below, the Court denies the motion.

**I. Background**

The Magistrate issued a Report and Recommendation ("R&R") on May 15, 2026 (Dkt. No. 36), recommending that this Court grant Defendant's motion to dismiss. Plaintiff filed objections to the R&R on July 13, 2026. On August 10, 2026, this Court issued an order adopting the Magistrate's R&R and dismissing Plaintiff's Complaint. (Dkt. No. 46.) On September 8, 2026, Plaintiff filed the present motion requesting the Court to reconsider that order. (Dkt. No. 49). This matter is fully briefed and ripe for review.

**II. Legal Standard**

Rule 59(e) of the Federal Rules of Civil Procedure governs Motions to Alter or Amend a Judgment, but the Rule does not provide a standard for such motions. The Fourth Circuit provides "three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.,* 148 F.3d 396, 403 (4th Cir. 1998). "Rule 59(e) motions may not be used, however, to raise arguments which could

have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Id.* at 403 (citations omitted). Rule 59(e) provides an "extraordinary remedy that should be used sparingly." *Id.* (citation omitted).

**III. Discussion**

After careful consideration, this Court finds that Plaintiff fails to state grounds for relief under Rule 59. In his motion, Plaintiff reargues the many of same matters already raised and considered by the Court when it adopted the R&R and granted Defendant's Motion to dismiss.

Plaintiff argues that his state court proceedings do not afford him an adequate opportunity to raise his claims, that the state court does not have sufficient jurisdiction, and that it cannot provide adequate remedy to Plaintiff's claims. The Court disagrees. As discussed in its Order adopting the R&R, the Court believes the State Court proceedings are an adequate forum to adjudicate Plaintiff's claims. (Dkt. No. 5–6).

Plaintiff also argues that the Court erred in declining to apply the bad faith or harassment exception. He claims that the Court incorrectly applied the law by requiring him to provide proof of bad faith. This is incorrect. The Court found that the bad faith exception did not apply because Plaintiff's Complaint failed to sufficiently allege that his prosecution was undertaken for the purpose of harassing him, or that it has been undertaken without hope of obtaining a valid conviction. (*Id.* at 7–8).

The Court therefore denies Plaintiff's motion because he has failed to demonstrate that there has been an intervening change in controlling law, new evidence for this Court to consider, or that this Court made any clear errors of law. While Plaintiff may disagree with the Court's conclusions, mere disagreement does not support a motion to reconsider. *United States ex rel. Becker v.*

*Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002). The extraordinary and rarely used remedy provided by Rule 59(e) is not warranted here. *Pac. Ins. Co.,* 148 F.3d at 403.

## IV. Conclusion

For the reasons above, Plaintiff's motion to alter or amend the judgment (Dkt. No. 49) is **DENIED**.

**AND IT IS SO ORDERED.**

s/Richard M. Gergel
Richard Mark Gergel
United States District Judge

September 29, 2026
Charleston, South Carolina